IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY LINDER, | 3:14-cv-00689-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | |
| Defendant. | |

**MERRILL SCHNEIDER**
Schneider Kerr & Gibney Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

       Attorney for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1044

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**DAVID J. BURDETT**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3709

          Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Timothy Linder seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Act and Supplemental Security Income (SSI) under Title XVI of the Act.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a thorough review of the record, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** this case for further administrative proceedings.

## ADMINISTRATIVE HISTORY

Plaintiff filed his applications for DIB and SSI on December 15, 2010. Tr. 13.[1] His applications were denied

---

[1] Citations to the official transcript of record filed by the Commissioner on September 16, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on October 31, 2012. Tr. 28. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified at the hearing. Tr. 29.

The ALJ issued a decision on November 14, 2012, in which he found Plaintiff is not entitled to benefits. Tr. 22. That decision became the final decision of the Commissioner on February 28, 2014, when the Appeals Council denied Plaintiff's request for review. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on November 10, 1956; was 55 years old on the date of the hearing; and has a high-school diploma. Tr. 153, 186. Plaintiff has prior relevant work experience as a general laborer. Tr. 21.

Plaintiff alleges disability since June 1, 2002, due to arthritis in his hands, back, and neck; depression; dyslexia; bilateral carpal-tunnel syndrome; a neck injury; and a back injury. Tr. 153, 185.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 18-21.

3 - OPINION AND ORDER

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is "more than a mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act.  *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser*, 648

5 - OPINION AND ORDER

F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a

week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser,* 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set

forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since  June 1, 2001, his alleged onset date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of mild degenerative disc disease, methamphetamine abuse, antisocial personality disorder, polysubstance abuse in "claimed remission," and a mood disorder related to a history of substance abuse.  Tr. 15-17.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 17-18.  In his RFC assessment the ALJ found Plaintiff has the functional capacity to "perform medium work as defined in 20 C.F.R. § 416.967(c)" except Plaintiff is limited to frequently, but not constantly, handling and fingering with his right hand and routine, repetitive work that involves no more than occasional interaction with the public.  Tr. 18-21.

At Step Four the ALJ found Plaintiff is unable to perform any past relevant work.  Tr. 21.

At Step Five the ALJ found Plaintiff could perform jobs that

8 - OPINION AND ORDER

exist in significant numbers in the national economy such as a "prep cook" or a warehouse worker. Tr. 21-22. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 22.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) improperly rejecting the opinions of nonexamining medical sources Neal E. Berner, M.D.; Mary Ann Westfall, M.D.; Joshua J. Boyd, Psy.D.; and Paul Rethinger, Ph.D., and (2) failing to cite any reasons for rejecting the lay testimony of Plaintiff's mother, Cleona Linder.

### I.  ALJ's Consideration of the Reviewing Physicians' Opinions

As noted, Plaintiff contends the ALJ erred in his consideration of the opinions of nonexamining physicians, Drs. Berner, Boyd, Westfall, and Rethinger.

A nonexamining physician is one who neither examines nor treats the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Trego v. Astrue*, 350 F. App'x 158, 159 (9th Cir. 2009)(quotation omitted). The ALJ "may reject the opinion of a nonexamining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). *See also Manzo v. Soc. Sec. Admin.*, No. 10-CV-1062-

9 - OPINION AND ORDER

HZ, 2011 WL 4828818, at *7 (D. Or. Oct 11, 2011)(same).

### A.  Opinions of Dr. Berner and Dr. Westfall

Drs. Berner and Westfall reviewed Plaintiff's medical records and reached identical conclusions regarding Plaintiff's physical capabilities.  Drs. Berner and Westfall concluded Plaintiff is capable of lifting 20 pounds occasionally and ten pounds frequently; standing and walking six hours in an eight-hour workday; sitting six hours in an eight-hour workday; and occasionally handling, fingering, and feeling with his right hand.  Tr. 68-69, 81-82.

The ALJ gave Dr. Westfall's assessment only partial weight because the ALJ concluded Plaintiff has a greater exertional capacity than Dr. Westfall described.  *See* Tr. 20.  To support his conclusion, the ALJ pointed out that the record reflects Plaintiff engaged in daily activities inconsistent with Dr. Westfall's conclusions as to Plaintiff's limitations and that Plaintiff infrequently sought medical treatment and follow-up for his alleged conditions.  The ALJ noted Plaintiff reported to a primary-care provider on September 8, 2011, that he had been "riding his bike long distances on a regular basis."  Tr. 359.  Plaintiff also reported doing heavy construction work at his mother's house that included lifting "some pieces of concrete" and "using heavy machinery," which caused an exacerbation of Plaintiff's longstanding back pain and increased his pain to a

level six on a scale of one to ten.  Tr. 417-18.  The ALJ also found the record reflects Plaintiff infrequently sought medical treatment and follow-up for his alleged conditions.

On this record the Court concludes the ALJ did not err when he partially discounted Dr. Westfall's opinion because the ALJ provided sufficient reasons supported by substantial evidence in the record for doing so.

The ALJ did not address Dr. Berner's opinion.  Because Dr. Berner's opinion is identical to the opinion of Dr. Westfall, however, the Court concludes the ALJ would also have partially discounted Dr. Berner's opinion for the same reasons as he discounted Dr. Westfall's opinion.  Accordingly, the Court concludes the ALJ's error in failing to address Dr. Berner's opinion is harmless.

**B.   Opinions of Dr. Boyd and Dr. Rethinger**

Drs. Boyd and Rethinger also reviewed Plaintiff's medical records and reached identical conclusions regarding Plaintiff's mental limitations.  Drs. Boyd and Rethinger concluded Plaintiff has the capability to "understand, remember, and carry out short instruction[s] (1-2 steps)," but cannot carry out more detailed instructions.  Tr. 69, 82.  In addition, Drs. Boyd and Rethinger opined Plaintiff should not closely engage the public on a frequent basis, but he can "get along on a casual basis." Tr. 69, 83.

11 - OPINION AND ORDER

In his decision the ALJ states he gave "great weight" to Dr. Rethinger's opinion and included limitations based on Dr. Rethinger's conclusions in his assessment of Plaintiff's RFC.

Plaintiff, however, contends the ALJ's limitation of Plaintiff to "routin[e], repetitive work" is inconsistent with Dr. Rethinger's limitation of Plaintiff to one- to two-step tasks and that the ALJ, therefore, implicitly discounted Dr. Rethinger's opinion without providing sufficient reasons for doing so.  Plaintiff asserts this error is harmful.  Specifically, Plaintiff contends the jobs cited by the ALJ are unavailable to a person who can only understand and carry out one- to two-step instructions because the jobs cited by the ALJ require a person to perform at Reasoning Level 2 as set out in the Dictionary of Occupational Titles (DOT) whereas persons limited to understanding one- to two-step instructions can only perform jobs at Reasoning Level 1.

A limitation to one- to two-step instructions is more restrictive than a limitation to "routine, repetitive work."  *See Dschaak v. Colvin*, No. 3:13-cv-02127-MA, 2015 WL 181803, at *5-*6 (D. Or. Jan. 14, 2015).  *See also Trujillo v. Colvin*, No. 3:13-cv-0620-SI, 2014 WL 2213218, at *5 (D. Or. May 27, 2014); *Bobbitt v. Colvin*, No. 3:13-cv-01320-HZ, 2014 WL 2993738, at *9 (D. Or. July 1, 2014).  Accordingly, the ALJ's evaluation of Plaintiff's RFC is inconsistent with the conclusions of Drs. Rethinger and

12 - OPINION AND ORDER

Boyd as to Plaintiff's limitations. The ALJ, therefore, discounted those doctors' opinions without sufficient explanation.

The Court finds the ALJ's error is not harmless. As Plaintiff points out, "a limitation to one to two step instructions is inconsistent with jobs listed in the DOT requiring Reasoning Level 2." *Dschaak*, 2015 WL 181803, at *5. *See also Trujillo*, 2014 WL 2213218, at *5; *Whitlock v. Astrue*, No. 3:10-cv-00357-AC, 2011 WL 3793347, at *4-*5 (D. Or. Aug. 24, 2011). In fact, "[i]t is the restriction to jobs requiring only one- or two-step instructions that primarily distinguishes Reasoning Level 1 from Reasoning Level 2." *Trujillo*, 2014 WL 2213218, at *5. As noted, at Step Five the jobs that the ALJ concluded Plaintiff could perform require Reasoning Level 2. *See* DOT § 318.687-010, 1991 WL 672755 (1991)(prep cook); DOT § 922.687-058, 1991 WL 688132 (1991)(warehouse worker). Thus, the ALJ erred when he implicitly rejected the opinions of Drs. Rethinger and Boyd without providing sufficient reasons, and that rejection was not harmless.

On this record the Court concludes the ALJ erred when he rejected the opinions of Drs. Boyd and Rethinger without providing legally sufficient reasons supported by substantial evidence in the record for doing so.

13 - OPINION AND ORDER

**II. Lay Testimony**

Plaintiff contends the ALJ erred by failing to address the lay testimony of Cleona Linder, Plaintiff's mother.

When determining whether a claimant is disabled, the ALJ must consider lay-witness testimony concerning a claimant's limitations and ability to work.  *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).  If the ALJ wishes to discount the testimony of lay witnesses, he "must give reasons that are germane to each witness."  *Id.* (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)).  *See also Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)(improperly rejected lay-witness testimony is credited as a matter of law).

Although the ALJ's reasons for rejecting lay-witness testimony must be "specific" (*Stout v. Comm'r, Social Sec., Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)), the ALJ not discuss every witness's testimony on an individualized basis.  *Molina*, 674 F.3d at 1114.  "[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness."  *Id.*  *See also Valentine v. Comm'r Soc. Sec. Admin.*, 674 F.3d 685, 690 (9th Cir. 2009).  An ALJ's failure to comment on lay-witness testimony is harmless, however, when "the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay-witness's] claims."

*Molina v. Astrue*, 674 F.3d 1104, 1121-22 (9th Cir. 2012)(quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)).

In a Third-Party Function Report Cleona Linder stated Plaintiff suffers from depression and pain in his arm, back, neck, and knees.  Tr. 192.  Ms. Linder stated Plaintiff sleeps excessively as a result of his depression and that he needs reminders to shower, to change his clothes, and to perform chores.  Tr. 193-94.  Ms. Linder reported Plaintiff does not engage in social activities and has difficulty reading.  Tr. 196-97.  Ms. Linder also reported Plaintiff's conditions affect his abilities to walk, squat, bend, stand, reach, lift, kneel, climb stairs, see, remember, complete tasks, concentrate, understand, follow instructions, and use his hands.  Tr. 197.  Ms. Linder stated Plaintiff can only lift 10-to-20 pounds and walk one-half mile before requiring 15-to-20 minutes of rest.  Tr. 197.

Much of the evidence the ALJ cited to discredit Plaintiff's testimony also discredits Ms. Linder's claims.  The ALJ rejected Plaintiff's testimony because Plaintiff's reports of severe limitations were inconsistent with his reported activities of daily living, Plaintiff's "minimal treatment records," the mild-to-moderate objective findings of his physicians on examination, and a history of criminal activity that reflects negatively on

15 - OPINION AND ORDER

Plaintiff's credibility.  Tr. 18-20.[2]  In particular, the evidence that the ALJ cited with regard to Plaintiff's activities and minimal-treatment record discredits Ms. Linder's testimony. The ALJ's failure to address Ms. Linder's testimony, therefore, is harmless.  *See Molina*, 674 F.3d at 1121-22.

Accordingly, on this record the Court concludes the ALJ's error in failing to address Ms. Linder's lay testimony is harmless.

### III. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000).  The issue turns on the utility of further proceedings.  A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision.  *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)).  The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine whether a claimant is disabled under the Act.  *Id*. at 1138.

---

[2] Plaintiff does not challenge the ALJ's rejection of his testimony.

16 - OPINION AND ORDER

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are not any outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if such evidence were credited.

*Id.* The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010). If the reviewing court finds the conditions of the "credit-as-true" rule are satisfied, however, the court may only remand for further proceedings if "an evaluation of the record as a whole creates serious doubt that the claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

As noted, the ALJ erred when he implicitly discounted the opinions of Drs. Boyd and Rethinger. It is unclear, however, if the ALJ would be required to find Plaintiff is disabled if the opinions of Drs. Boyd and Rethinger were properly credited. In particular, it is possible that there may be other jobs Plaintiff can perform with the limitations described by Drs. Boyd and Rethinger.

Accordingly, on this record the Court concludes this matter should be remanded for further administrative proceedings consistent with this Opinion and Order.

17 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 24th day of February, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge